HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LAWRENCE H. KELLY,<br>Defendant. | Case No. CR98-0690RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for a Reduction of Sentence Pursuant to 18 U.S.C. §3582(c) [Dkt. #663]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On February 11, 2000 the defendant was sentenced after his guilty pleas to conspiracy to distribute cocaine and cocaine base, and two counts of possession of cocaine base with intent to distribute. The Probation Office calculated his guidelines range to be 360 months to life based on a total offense level of 39, with a criminal history category of VI. Upon motion of the government, the Honorable Barbara Jacobs Rothstein sentenced the defendant to 156 months custody. The defendant now seeks a reduction of his sentence based on the recent amendments to the United States Sentencing Guidelines that generally reduce by two levels the base offense levels for cocaine base found in U.S.S.G. §2D1.1. See U.S.S.G. App. C amend. 706. With the two level reduction, the defendant's total offense level becomes 37, and with a criminal history category of VI the guidelines range remains 360 months to life. Therefore, as will be

discussed below, this Court is without jurisdiction to reduce defendant's sentence and the motion is **DENIED**.

## DISCUSSION

This Court's jurisdiction to reduce a sentence is found at 18 U.S.C. §3582(c). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission, in implementing the amendment and pursuant to the statute has made it clear that a reduction under 18 U.S.C. §3582(c)(2) is only available when an amendment has the effect of lowering a defendant's applicable guidelines range. See U.S.S.G. 1B1.10(a) (eff. March 3, 2008).

The defendant's range was originally calculated as base offense level 36 (500 grams to 1.5 kilograms of cocaine base, §2D1.1), 2-level enhancement for possession of a weapon, a 4-level enhancement for leadership role, and a 3-level reduction for acceptance of responsibility. His total offense level was 39 with a criminal history of category VI which resulted in a guidelines range of 360 months to life. Based on the government's motion, he received a 156 month sentence. Under Amendment 706, his base offense level is reduced 2-levels to 34 (§2D1.1) and with the same adjustments his total offense level becomes 37. A total offense level of 37 with a criminal history category of VI results in the same guidelines range of 360 months to life.

The defendant argues that his case represents an anomaly in the "crack fix" because a defendant who was charged under 18 U.S.C. 924 (c) and thus ineligible for the 2-level enhancement would receive the sentence reduction, whereas he would not. His argument rests on a faulty premise. The defendant presumes that because he was not charged under 18 U.S.C. §924(c), his conduct is somewhat less culpable than a defendant who was so charged. Ignoring for now the various factors that may have influenced the charging decision, the bare fact remains that the defendant brought a gun to a drug deal - - an act that endangered the lives of others. He may, or may not be, less culpable than the hypothetical defendant he profers to illustrate the "anomaly" in the "crack fix" amendment. His equitable argument thus fails.

The defendant next argues that he is entitled to resentencing under 18 U.S.C. §358(c)(2) because his sentence was "based on" a sentencing range that has since been lowered. It is correct that the starting point in establishing his total offense level has been lowered from level 36 to level 34; however, the defendant's "sentencing range" has not subsequently been lowered. Defendant's argument parses incorrectly the phrase "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" by focusing only on "based on" and ignoring "sentencing range." Thus, the defendant is not entitled to be resentenced under 18 U.S.C. §3582(a) unless his guidelines range has been lowered. This interpretation is consistent with U.S.S.G. §1B1.10(a)(1) and (2)(B), and with Ninth Circuit case law. *See, e.g., United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (defendant not entitled to resentencing when guidelines range did not change after retroactive amendment to career offender guideline was applied to defendant).

Finally, defendant's reliance on the Supreme Court's decisions in *Booker v. United States*, 543 U.S. 220 (2005) holding that the Sentencing Guidelines are merely advisory together with *Kimbrough v. United States*, 128 S. Ct. 558 (1007) and *Gall v. United States*, 128 S. Ct. 588 (2007) which reaffirmed *Booker's* holding, is misplaced. It is clear that *Booker* does not provide for relief by way of 18 U.S.C. §3582(c)(2). *United States v. Carrington*, 503 F.3d 888, 890-91 (9th Cir. 2007). It is only after a defendant becomes eligible for resentencing under 18 U.S.C. §3582(c)(2) that a district court may consider the effects of the *Booker* decision and impose a non-guidelines sentence. *United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007).

Therefore, this Court is without jurisdiction to reduce the defendant's sentence, and the Motion [Dkt. #663] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 30th day of April, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE